**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
dawns@phillipsdayeslaw.com

TREY DAYES (AZ Bar # 020805)
treyd@phillipslaw.com
DAWN M. SAUER (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
JOHN L. COLLINS (AZ Bar # 030351)
johnc@phillipsdayeslaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES SUMMERS, a married man, | No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMAND** |
| DRIGGS TITLE AGENCY, INC., an Arizona Corporation, | |
| Defendant. | |

This is an action for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

## NATURE OF THE CASE

1.      Plaintiff JAMES SUMMERS (hereinafter "Plaintiff") was discriminated against on the basis of his age and wrongfully retaliated against and terminated in violation of the ADEA.

2.     All conditions precedent to jurisdiction under the ADEA have been met, to wit: Plaintiff timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff has brought this lawsuit within ninety days of the date Plaintiff received the EEOC's notice of right to bring suit which was issued on or about August 16, 2013.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 29 U.S.C. §§ 626(c), 633 of the ADEA and 28 U.S.C. § 1331.

4.     The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein, so as to give rise to both subject matter and personal jurisdiction of this Court.

5.     Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

6.     On May 2, 2013, Plaintiff timely filed his initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 540-2013-01870, alleging, *inter alia*, age discrimination and retaliation.

7.     On or about August 16, 2013, the EEOC issued Plaintiff a Notice of Right to Sue.

8.     Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

## PARTIES

9.     Plaintiff is a married man residing in Maricopa County, Arizona.

Complaint and Demand for Jury Trial                                                                 Page 2

10.     At all relevant times, Plaintiff was an "employee" within the meaning of the ADEA, 29 U.S.C. § 630(f).

11.     At all relevant times, Plaintiff was over 40 years of age and thus is protected under the ADEA, 29 U.S.C. § 631.

12.     At the time of his termination, Plaintiff was employed as a Business Development Representative for Defendant DRIGGS TITLE AGENCY, INC. (hereinafter "DRIGGS").

13.     DRIGGS is incorporated in the State of Arizona, having its principal place of business at 14287 N. 87th Street, Suite 117, Scottsdale, AZ  85260.

14.     At all relevant times DRIGGS was Plaintiff's "employer" within the meaning of 29 U.S.C. § 630(b).

## GENERAL ALLEGATIONS

15.     Plaintiff began working for DRIGGS in February of 2010 as a Business Development Representative.

16.     Plaintiff was the company's top sales representative in 2010 and 2011, and ranked 3 out of 18 sales representatives in 2012.

17.     In or about August 2012, Greg Douthit became Plaintiff's direct supervisor.

18.     In or about October 2012, Greg Douthit began making unwelcome and unwanted derogatory comments about Plaintiff's age.  These comments continued throughout Plaintiff's employment.

19.     Mr. Douthit repeatedly asked Plaintiff "Did you remember to take a shower today?" on their bimonthly phone calls.

20.     Mr. Douthit often asked Plaintiff "Did you remember to use the bathroom?"

21.     Mr. Douthit often referred to Plaintiff as "Hey, old man" or "old geezer."

/ / /

22.     In October 2012, Mr. Douthit asked Plaintiff "Hey old man, do you need some help with those boxes? I can get someone else to pick those up for you and take them to your car." The boxes Mr. Douthit was referring to weighed under ten (10) pounds each.

23.     On another occasion Mr. Douthit told Plaintiff that "a younger and more efficient marketing rep would be more effective."

24.     In or about December 2012, Plaintiff complained to the Vice-President, Sue Clifton, about the harassment. Ms. Clifton stated she would note the file, and speak with Mr. Douthit about it. Plaintiff never heard back from Ms. Clifton.

25.     On or about March 11, 2013, after Mr. Douthit made further derogatory remarks about Plaintiff's age to Plaintiff, Plaintiff responded to Mr. Douthit that he was sick of his harassment and told him to stop.

26.     On or about March 27, 2013, Plaintiff was called into a meeting with Sue Clifton and Greg Douthit. Plaintiff was told that there were complaints about how Plaintiff spoke to Mr. Douthit, and suggested that Plaintiff was a liability to the company. Ms. Clifton and Mr. Douthit did not address the age discrimination and harassment.

27.     On or about April 3, 2013, Plaintiff was terminated. Plaintiff was not given a reason.

28.     At the time of termination, Plaintiff was 51 years old.

29.     Upon information and belief, following Plaintiff's termination, Defendant hired two new Business Development Representatives that were both considerably younger than Plaintiff.

## Exhaustion of Administrative Remedies

30.     On May 2, 2013, Plaintiff timely filed his initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 540-2013-01870, alleging, *inter alia*, age discrimination and retaliation. On or about August 16,

2013, the EEOC issued Plaintiff a Notice of Right to Sue.  Plaintiff has commenced suit within ninety days of receipt of the right to sue notice.

## COUNT ONE
## ADEA-Discrimination
## (Violation of 29 U.S.C. § 621 *et seq.*)

31.    Plaintiff incorporates and adopts paragraphs 1 through 24 above as if fully set forth herein.

32.    29 U.S.C. § 623 states, in part:

(a) **Employer Practices.** It shall be unlawful for an employer --
(1) to fail or refuse to hire or to discharge any individual o otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . .

(d)   **Opposition   to   unlawful   practices;   participation   in investigations, proceedings, or litigation.** It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

33.    Plaintiff was and is a protected individual under the ADEA within the meaning of 29 U.S.C. § 631(a).

34.    Defendant violated the ADEA by discriminating against Plaintiff with respect to the terms and conditions of his employment and by terminating Plaintiff because of his age.

35.    Defendant violated the ADEA by terminating Plaintiff in retaliation for complaining of the age discrimination, and in retaliation for confronting the harasser.

36.     As a result of this violation of the ADEA by Defendant, Plaintiff is an "aggrieved person" within the meaning of § 626 of the Act and has suffered damage for which he is entitled to legal and to equitable relief as provided in the Act, 29 U.S.C. § 626(b) and (c) and under the FLSA, 29 U.S.C. § 216.

37.     As a result of the foregoing, Plaintiff is entitled to legal and equitable relief, including compensatory damages sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's unlawful discrimination, liquidated damages and to restore to him all seniority, pension and other benefits he would have had but for the unlawful discrimination, is necessary and appropriate relief and will effectuate the purposes of the ADEA.

38.     Upon information and belief, Defendant's violation of the ADEA was willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

39.     By virtue of one, more or all of the foregoing violations of the ADEA as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

40.     By virtue of one, or all of the foregoing violations of the ADEA as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss, as well as non-economic damages, all of which he is entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

41.     The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive damages and exemplary damages.

/ / /

/ / /

## COUNT TWO

### Declaratory Judgment

42.    Plaintiffs incorporate and adopt paragraphs 1 through 35 above as if fully set forth herein.

43.    The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

44.    Plaintiff may obtain declaratory relief.

45.    Defendants employed Plaintiff.

46.    Defendants are enterprises covered by the ADEA.

47.    Plaintiff is individually covered by the ADEA.

48.    Plaintiff was discriminated against by Defendants because of his age, in violation of 29 U.S.C. § 621 et seq.

49.    Plaintiff is entitled to an equal amount of liquidated damages as Defendant's violation of the ADEA was willful.

50.    Defendant did not rely on a good faith defense in its failure to abide by the provisions of the ADEA.

51.    It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the ADEA.

52.    The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff prays for a judgment against the Defendants:

A. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202 that Defendant violated the ADEA by discriminating against Plaintiff because of his age;

B. Ordering Defendant to make Plaintiff whole for all losses he has suffered as a result of the unlawful discrimination and in order to effectuate the purposes of the ADEA;

C. Awarding liquidated damages in an amount equal to Plaintiff's monetary damages in favor of Plaintiff against Defendant pursuant to 29 U.S.C. § 626 (b).

D. Awarding pre-judgment interest to Plaintiff on all lost wages and other monetary damages.

E. Awarding Plaintiff's attorneys' fees and the costs of the action against Defendant pursuant to 29 U.S.C. § 216(b) and 626(b).

F. Granting Plaintiff such other and further relief as the court deems just and proper.

## DAMAGES

53.    As a direct and proximate result of the breach of Plaintiff's rights in each of the above mentioned claims for relief, Plaintiff sustained and continues to sustain economic and non-economic injuries including, but not limited to, loss of income, benefits, mental anguish and emotional distress.   Plaintiff is entitled to compensation for the harm and damages resulting from the Defendants' unlawful acts.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

A.    A declaration that Defendants have violated the ADEA;

B.    Preliminary and permanent injunctive relief against Defendants ordering Plaintiff's immediate reinstatement with all seniority, benefits, and back-pay; or in the alternative, providing Plaintiff with compensation and benefits he otherwise would have enjoyed through employment;

C.    An award against Defendants for compensation for lost and future wages and benefits, including pre and post judgment interest;

D.    An award against Defendants for all economic and non-economic damages;

E.    Special damages to be proven at trial;

F.    Punitive and exemplary damages to be proven at trial;

G.    Pre-judgment and post-judgment interest;

H.    An award of attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 626(b);

I.    Awarding liquidated damages in an amount equal to Plaintiff's monetary damages in favor of Plaintiff against Defendant pursuant to 29 U.S.C. § 626 (b);

J.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: November 12, 2013          Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

/s/ Dawn M. Sauer
Dawn M. Sauer, Esq.
Attorney for Plaintiff